UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**Case Number: 17-61023-CIV-MORENO**

BLANCA AGUIRRE,

              Plaintiff,

vs.

WAL-MART STORES EAST, LP,

              Defendant.

_____/

## ORDER DENYING PLAINTIFF'S MOTION TO REMAND

This case arises from a slip-and-fall at Wal-Mart. Blanca Aguirre sued Wal-Mart Stores, Inc. in state court, and later amended the complaint to change the defendant to Wal-Mart Stores East, LP. The amended complaint alleged an unspecified amount of damages exceeding $15,000. Five days after filing the amended complaint, Aguirre sent Wal-Mart a demand letter offering to settle the matter for $98,500. The letter alleged $18,897 in past medical bills and that Aguirre's treating physician recommended surgery and treatment totaling between $87,000 and $105,000. The amended complaint also referenced damages for, *inter alia*, pain and suffering, mental anguish, deformity, and loss of capacity for the enjoyment of life. Wal-Mart then removed the case to this Court based on diversity jurisdiction.

After conferring with Wal-Mart's counsel, Aguirre again amended her complaint to name the proper defendant, Sam's East, Inc. In this second amended complaint, Aguirre alleges for the first time, "Plaintiff seeks no relief, cause of action, remedy or damages that would confer federal jurisdiction upon the claim asserted and expressly disclaims 'individual' damages in excess of $75,000.00." Aguirre now moves to remand the case to state court. There is no

dispute that the parties are of diverse citizenship, but Aguirre argues that the jurisdictional amount-in-controversy is not satisfied.

On a motion to remand, the removing party bears the burden of establishing jurisdiction. *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356-57 (11th Cir. 1996), *overruled on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000). The removal statute should be construed narrowly, with uncertainties resolved in favor of remand. *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996). Where, as here, plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *See Tapscott*, 77 F.3d at 1356-57. "When the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement. If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001).

Here, Wal-Mart properly removed this case to federal court. It is not facially apparent from Aguirre's state-court complaint that the amount in controversy exceeds $75,000, as Aguirre alleged only that damages exceed $15,000. Thus, this Court looks to Wal-Mart's notice of removal. The notice of removal presents Aguirre's post-suit demand letter, complete with medical records and medical bills, which all support damages in excess of $75,000. Aguirre alleges that she has incurred $18,897 in past medical expenses, and her treating physician recommended shoulder surgery and treatment estimated at a cost between $87,000 and $105,000—which Aguirre contends is a conservative estimate. Aguirre's letter also offered to

settle the matter for $98,500.  This evidence clearly satisfies Wal-Mart's burden to establish the jurisdictional amount in controversy.

Aguirre's arguments for remand are without merit.  First, Aguirre argues that the present complaint alleges "Plaintiff seeks no relief, cause of action, remedy or damages that would confer federal jurisdiction upon the claims asserted herein, and expressly disclaims 'individual' damages in excess of $75,000."  However, this allegation only appears in the post-removal second amended complaint, and was not in the allegations at the time of removal.  Post-removal reductions in the amount in controversy below the jurisdictional minimum do not divest a district court of its jurisdiction.  *See, e.g., Poore v. American-Amicable Life Ins. Co.*, 218 F.3d 1287, 1291 (11th Cir. 2000), *overruled in part on other grounds in Alvarez v. Uniroyal Tire Co.*, 508 F.3d 639, 640-41 (11th Cir. 2007); *Burt Co. v. Clarendon Nat'l Ins. Co.*, No. 10-10523, 2010 WL 2616868, at *1 (11th Cir. July 1, 2010).  Because Aguirre's attempt at reducing damages only appears in the post-removal second amended complaint, this Court does not consider it in analyzing the amount in controversy for purposes of removal.

Second, Aguirre argues that her post-suit demand letter cannot be used to establish diversity jurisdiction because it was limited to confidential, good faith negotiations.  This Court disagrees.  Courts routinely permit the use of post-suit demand letters in determining the amount in controversy.  *See, e.g., Musser v. Walmart Stores E. L.P.*, No. 16-62231, 2017 WL 1337477, at *3 (S.D. Fla. Apr. 2, 2017) (Cooke, J.); *Nachamkin v. Garden Fresh Rest. Corp.*, No. 14-80917, 2014 WL 12611360, at *2 (S.D. Fla. 2014) (Ryskamp, J.); *Calhoun v. Con-Way Freight, Inc.*, No. 10-14210, 2010 WL 4062590, at *2 (S.D. Fla. Oct. 15, 2010) (Moore, J.) ("post-suit demand letter may be considered in determining if the amount in controversy requirement has been satisfied.").

Wal-Mart has met its burden in proving by a preponderance of the evidence that the amount in controversy exceeded $75,000 at the time of removal.  Therefore, it is

**ORDERED AND ADJUDGED** that Aguirre's Motion to Dismiss is **DENIED.**

**DONE AND ORDERED** in Chambers at Miami, Florida, this _____ of July 2017.

_____

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record